Thomas Henson
4202 E. Charleston Ave
Phoenix AZ, 85032

FILED _____ LODGED
_____ RECEIVED _____ COPY

FEB 0 2 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Federal District Court of the United States of America
District of Arizona

Tanya Henson
Thomas Henson,

Case No.:   CV-17-00339-PHX-MHB

Plaintiff,

vs.

City of Scottsdale,
Jim Thompson,
Officer Glass,
Judge Hendrix,
Jennifer Dalton,
Judge Blake,
Salvatore Marsala,
Seth Peterson,
Natalie La Porte,
Karen Close,
Linda Marsala,
All City Towing,
Cyndi Negron,
And any spouses of any
of the above not yet
listed

**TITLE 42 COMPLAINT FOR DAMAGES AND SPECIAL ACTION FOR POST-CONVICTION RELIEF**

Trial by Jury Demanded
F.R.C.P.38
Plaintiff is the moving party
in this action.

Federal question

Defendants

**JURISDICTION AND VENUE**

I.   **Plaintiffs' claims federal jurisdiction pursuant to Article III sec 2.**

II.   Plaintiffs bring this action pursuant to sections 1983, 1985, 1986 and 1988, and invokes the jurisdiction of this

Title 42 complaint for damages - 1

court pursuant to Title 28 USC Section 1343 (A) (3) (4), Section 1331, and pursuant to the 14th Amendment, Title 42 USC Section, 1983, and the Civil Rights Act of 1870. At all times, relevant, all the cause of actions were committed within the geographical jurisdiction of this court.

**II. PARTIES**

2. Plaintiff Tanya Henson, herein after "Mrs. Henson", at all time relevant herein, is a free, natural and sovereign individual endowed with certain inalienable and unalienable rights by his Creator, said rights being guaranteed by the Common Law and the constitutions of the United States of America, and the State of Arizona and is residing in the geographical location known as Arizona.

3. Plaintiff Thomas Henson, herein after "Mr. Henson", at all time relevant herein, is a free, natural and sovereign individual endowed with certain inalienable and unalienable rights by his Creator, said rights being guaranteed by the Common Law and the constitutions of the United States of America, and the State of Arizona and is residing in the geographical location known as Arizona.

4. Defendant Officer Glass, herein after "Glass " at all time relevant to this complaint, was acting as a State

Official under Color of Law, employed, compensated, enriched, and rewarded Police Officer for the City of Scottsdale in the State of Arizona. Glass is being sued individually and in his official capacity.

5. Defendant City of Scottsdale, herein after "City" at all time relevant to this complaint, was, and is, a municipal corporation with the State of Arizona, responsible for compensating, enriching, and rewarding and making policy for Defendants, Police Officer(s) and anyone it employs. City is being sued as a person.

5a. Jim Thompson; herein after "Jim" at all time relevant to this complaint, was acting as a State Official under Color of Law, employed, compensated, enriched, and manager for the City of Scottsdale in the State of Arizona, responsible for compensating, enriching, and rewarding and making policy for Defendants, Police Officer(s) and anyone it employs. Jim is being sued in his official and individual capacity.

6. Judge Hendrix, herein after "Hendrix" at all time relevant to this complaint, was acting as a State Official under Color of Law, employed, compensated, enriched, and rewarded judge for the City of Scottsdale in the State of Arizona. But was acting in her individual

capacity. Hendrix is being sued individually and in her official capacity.

7.   Judge Jennifer Dalton pro-tem, herein after "Dalton" at all time relevant to this complaint, was acting as a State Official under Color of Law, employed, compensated, enriched, and rewarded judge for the City of Scottsdale in the State of Arizona. But was acting in her individual capacity. Dalton is being sued individually and in her official capacity.

8.   Judge Blake, herein after "Blake" at all time relevant to this complaint, was acting as a State Official under Color of Law, employed, compensated, enriched, and rewarded judge for the City of Scottsdale in the State of Arizona. But was acting in his individual capacity. Blake is being sued individually and in his official capacity.

9.   Salvatore Marsala, herein after "Sal " at all time relevant to this complaint, was residing in the state of Arizona and at all time relevant was acting in concert with all state actors.

9a. Linda Marsala, herein after "Linda " at all time relevant to this complaint, was residing in the United

states and at all time relevant was acting in concert with all state actors and other defendants.

10.    Prosecutor Seth Peterson, herein after "Seth" at all time relevant to this complaint, was acting as a city Official under Color of Law, employed, compensated, enriched, and rewarded attorney for the City of Scottsdale in the State of Arizona.  Seth is being sued individually and in his official capacity.

11.    Prosecutor Natalie La Porte, herein after "Natalie" at all time relevant to this complaint, was acting as a city Official under Color of Law, employed, compensated, enriched, and rewarded attorney for the City of Scottsdale in the State of Arizona.  Natalie is being sued individually and in her official capacity.

12.    Prosecutor Karen Close, herein after "Karen" at all time relevant to this complaint, was acting as a city Official under Color of Law, employed, compensated, enriched, and rewarded attorney for the City of Scottsdale in the State of Arizona.  Karen is being sued individually and in her official capacity.

12a. Defendant Cyndi Negron, herein after "Cyndi" at all time relevant to this complaint, was acting as a paralegal, employed, compensated, enriched, and rewarded

paralegal for the City of Scottsdale in the State of Arizona. Cyndi is being sued individually and in her official capacity.

12b. Defendant All City Towing presumed it had some extra power to take property that does not belong to them just because someone who has a badge and gun that tells them to aide in criminal activity and assisting Glass into stealing personal property without a warrant and without the owner Mr. Henson's permission. Mr. Henson was never notified that his property was being towed.

**FACTS**

13. Mrs. Henson was at the corner of Miller and Chaparral, making a right-on chaparral headed to the 101 and the light was red so she stopped and made a right turn. She went about 500 feet after making a right turn and then a police car turned on the lights so she made her first right turn as there is no place to stop on chaparral without blocking traffic.

14. This was on or about 78th place. She had a cell phone in her hand and was calling her husband. Officer Glass came to her window and asked what she was doing. Mrs. Henson told him she was calling her husband and Glass said no and grabbed the phone then he demanded Mrs.

Henson to get out of her car. Mrs. Henson asked why she had to get out of the car.

15.   Officer Glass said because he said so, Officer Glass then proceeded to open her door and grabbed her wrist out of the car without witnessing any crime being committed. This is a form of molestation and assault Glass did not witness Mrs. Henson committing any crime but dragged her out of the car just for the mere purposes of identifying her.

16.   There was another officer Roberson who was standing at the back of her car and he asked where Mrs. Henson was going.  Mrs. Henson replied I am going Home.  Officer Glass who was at Mrs. Henson window came back and asked if he could look at her phone for text messages at this time after being ripped out of the car Mrs. Henson felt threatened and afraid for her safety so she let Glass look, then he pulled it away so she couldn't see what he was doing and he pulled out his phone and refused to tell Mrs. Henson why he was taking pictures of the phone.

17.   Glass then walked away and came back and said Mrs. Henson was under arrest for not obeying him. Mrs. Henson didn't know she was under any obligation to obey Glass as she was not engaged in any criminal activity. So, Glass

cuffed Mrs. Henson and put her in his SUV. She sat in the SUV while Glass ran sacked Mr. Henson's car which she was driving. Glass returned with Mrs. Henson's wallet and phone. He said what is your password and she told him it's her thumb print and he said well I guess you can't call your husband.

18. Then Glass opened her wallet and was going through it Mrs. Henson said I want to see you count my money since she heard money being counted he said no they will count it at the jail. Mrs. Henson said how I do I know you won't take it. Glass said your money has nothing to do with me. Mrs. Henson then explained to Officer Glass that she needed her medication and he said that he wasn't going to get it out of her purse which was in the car and was being loaded by the All City Towing. Mrs. Henson told him that she needs it and he just laughed.

19. Mrs. Henson told him he is violating her rights and he said that she has no rights since she was in the back of the police car. Mrs. Henson told Glass he is corrupt and that he just stole the car without seeing her commit any crime.

20. Once at the jail, Mrs. Henson by this time she had missed her nightly dose of her medication and she started

becoming jittery and felt confused. The police called the paramedics who came and checked Mrs. Henson's vitals and asked if she wanted to go to hospital and she said why so they can run test on me to tell me what I already know. She said I just need my meds and I'll be fine.

21. The paramedics left and then the police came back and said where did they go?  Mrs. Henson said they left and the police stated "they didn't even talk to us".  So, she told them I need my meds and I'll be fine. They asked her if she had any at home that she could take and she said yes.  They then said is there anyone who you can call she said she could call her husband so she gave them his number and they called him and then gave Mrs. Henson the phone.

22. Mrs. Henson told Mr. Henson where her medication was and asked if he could bring it to her. Mrs. Henson gave phone back to the officers and they asked Mr. Henson to come get her. So, he came and got her.  The officer at the jail  made Mrs. Henson sign for her release and belongings and Mrs. Henson signed under threat duress and coercion. The officer then gave her back her wallet and said Mrs. Henson would have to call this number for her phone because they don't allow cell phones in the jail.

Title 42 complaint for damages - 9

23.    Mr. Henson came and picked up his wife and asked where the car was and if she was ok she told him they stole the car.   Mr. Henson now was very upset they could have called him to come get the vehicle.   There was no warrant to seize the car or any other legal right.

24.    Mr. Henson the next day had to go get the car from All City towing and had to pay a $65 extortion fee. Mr. Henson had called around for almost a week trying to locate the phone which also belongs to Mr. Henson again no warrant to take the phone.   Mr. Henson had to claim a lost phone on his insurance which cost him $200 so that he could get the phone as it is used for work purposes this caused a great inconvenience for Mr. Henson without having the phone.

25.    Mr. Henson after talking to Officer Glass several times on the phone. Mr. Henson asked why Glass was holding his phone and Glass said as evidence. Mr. Henson said evidence for what?   Glass said he could not discuss that with him. At no time did Mr. Glass have a warrant or legal cause to hold the phone.   Mr. Henson then drafted up a demand to have his property returned and filed it

into the court. The next day Mr. Glass was willing to give back the phone after a 30-min conversation with him.

26.  Mrs. Henson received a court date August 30, 2016 for the initial appearance.  Mrs. Henson filed several motions prior to the initial appearance.  At the initial appearance, Judge Blake tried to explain the charges to Mrs. Henson, Mrs. Henson had a notice in her hand that she tried to hand to the Judge that stated that her intentions were to plead guilty but she first asked if the state filed any evidence that the laws or the Constitution applied to her.  Judge Blake then acted like he did know what she was talking about and kept asking her to enter a plea but he knew her intentions were to plead guilty if he had evidence from the state that the statues, laws and Constitution applied to her.  Blake became very angry and also denied all Mrs. Henson's motions which the state had filed no response too.

27.  Mrs. Henson asked if she was presumed innocent on all elements of the alleged crime Judge Blake said yes, she asked if jurisdiction was an element to the crime and was any evidence submitted? Blake was getting mad and entered a plea of not guiltily on her behalf and over her objection. Mrs. Henson then asked if Blake was

representing her Blake said no then she asked how can you enter a plea on her behalf. Blake was non-responsive and the hearing was concluded. Mrs. Henson objected to everything the court did and she was threatened that if she didn't appear at the next hearing an arrest warrant would be issued for her arrest.

28. After the hearing Mrs. Henson filed many more motions and notices to the court. At the next hearing, it was before Judge Hendrix, she called the case and said there are several motions before the court one was the motion to get the phone back she asked if the phone was returned Mrs. Henson told Hendrix she would have to ask her husband as he filed the motion.

29. Judge Hendrix refused to allow Mr. Henson to speak. Hendrix then denied the rest of the motions without the state responding and without any facts or evidence to do so. Again, after the hearing Judge Hendrix threatened Mrs. Henson that if she fails to appear she would issue a warrant. At this point no jurisdiction was established and Mrs. Henson objected to the entire proceedings for lack of jurisdiction.

30. Next hearing was set before a different Judge pro-tem Jennifer Dalton again prior to the hearing Mrs.

Henson filed motions to dismiss etc.… for lack of jurisdiction.  Dalton denied and stated they are duplicates never giving the state a chance to respond taking it upon herself  to act as the prosecution.  This game that the Judges and state were playing was getting old.

31.   Another hearing was set and when Mrs. Henson appeared and same old routine Mrs. Henson requested to see any evidence that the State had showing the laws or the constitution applied to her to affirm that the court had jurisdiction to move forward. Hendrix was non responsive to the question of Mrs. Henson's right to know the charges she was being accused of, this time Judge Hendrix set a bench trial, denied counsel and set if for the 13th of February Mrs. Henson told Hendrix that she would be out of town on that date and if she could move it to after the 15th of March. Judge Hendrix came back and set the hearing for the 3rd of February.  Mrs. Henson explained to the court that, that date would not work as she has a prior court hearing in family court on that day. Hendrix refused to change the court date Mrs. Henson then walked out of the court because this shows more bias than ever at this point.

Mr. and Mrs. Henson on several occasions tried to obtain discovery which the prosecution refused them to look at. The last time Mr. and Mrs. Henson went to the prosecutions office to view the evidence which the court previously ordered that Mrs. Henson could view it, she was still denied access to any evidence. At prior status conference Mr. and Mrs. Henson had asked Mr. Peterson if he had any evidence besides the police report and the alleged charging instrument. He stated he did not. On or about January 16th, Mrs. Henson received a letter in the mail stating that the prosecution department received her request for a 911 audio recording; Mrs. Henson never requested any audio tape and further had no knowledge that there was even such a recording.  If there was it sure was not disclosed to her.

Defendants were given a copy of this complaint as **NOTICE OF CLAIM TO BE FILED and a settlement offer**. Defendants failed to respond Mr. Henson even reached out to defendant Seth Peterson and he refused to take his call and let it go to voice mail.

**FEDERAL CAUSES OF ACTION**
All allegations set forth in paragraphs 1 through 31 are incorporated herein by reference.

**AS AND FOR A FIRST CAUSE OF ACTION**

32. Upon information and belief, the Defendant City, being sued as a "person", maintains a pattern and practice of depriving liberty and property, and causing damage without probable cause or proper legal foundation as secured by the Constitution as demonstrated in the deprivation of plaintiff's rights.

**AS AND FOR A SECOND CAUSE OF ACTION**

33. Upon information and belief, the Defendant City failed and neglected to properly train and supervise its employees, and especially its police officers with respect to individual's rights as protected by the Constitution as evident by the several and severe abuse(s) and damage(s) sustained by Mr. and Mrs. Henson

**AS AND FOR A THIRD CAUSE OF ACTION**

34. At all-time relevant, all defendants, especially Glass, were acting within the scope of their presumed duties as employees of Defendant City Under color of law when depriving Mrs. Henson and Mr. Henson of their rights of liberty and freedom from unlawful arrest, and other violations of clearly established laws protected by the 1st, 4th, 5th, 6th, 9th, 14th Amendments.

**AS AND FOR A FORTH CAUSE OF ACTION**

35. Mrs. Henson has been forced to suffer physical and emotional cruel and unusual punishment, in direct violation of the Eighth Amendment, by the combined unreasonable action of Defendant Glass and it is unreasonable that any officer would not have known that to threaten and intimidate her would have been a violation of her rights.

**AS AND FOR A FIFTH CAUSE OF ACTION**

36. Mr. Henson has suffered loss of work and costs from All State Towing stealing his car and officer allowing it to happen he also incurred cost of replacing the phone. This is an indirect violation of the 4th Amendment by Officer Glass There was no legal cause to impound the car.

## AS AND FOR A SIXTH CAUSE OF ACTION

37.    Defendant City is liable for policies and customs and ratification of the acts of its employees committed within the scope of their employee duties, but outside their discretion it has a long train of abuses which is a custom, policy and practice to violate clearly established law. City is also being sued as a person.

## AS AND FOR A SEVENTH CAUSE OF ACTION

38.    Defendant Judge Blake had no evidence and has no evidence or facts that the laws, statues or the constitution applied to Mrs. Henson to hold her to answer to the alleged charges that States argues. At all times, relevant Judge was acting in his person capacity as no jurisdiction was ever established denial of due process under the constitution and denial of rights is not a judicial function. This person violated his oath of office and violated 1st, 4th, 5th,6th,9th,14th Amendments

## AS AND FOR AN EIGHTH CAUSE OF ACTION

39.    Defendant Judge Hendrix had no evidence and has no evidence or facts that the laws, statues or the constitution applied to Mrs. Henson to hold her to answer to the alleged charges that States argues. At all times, relevant Judge was acting in her person capacity as no jurisdiction was ever established denial of due process under the constitution and denial of rights is not a judicial function. This person violated her oath of office and violated 1st, 4th, 5th,6th,9th,14th Amendments

**AS AND FOR A NINETH CAUSE OF ACTION**

40.    Defendant Judge pro-tem Jennifer Dalton had no evidence or facts that the laws, statues or the constitution applied to Mrs. Henson to hold her to answer to the alleged charges that States argues. At all times, relevant Judge was acting under color of law in her person capacity as no jurisdiction was ever established denial of due process under the constitution and denial of rights is not a judicial function. This person violated her oath of office and violated 1st, 4th, 5th, 6th, 9th, 14th Amendments

**AS AND FOR A TENTH CAUSE OF ACTION**

41.    Defendant Salvatore Marsala "Sal" and Linda Marsala were the direct cause of damage on Mr. and Mrs. Henson. He has suffered no damage and has not claimed a legal damage but he filed false information to the City of Scottsdale and indirectly caused both Plaintiffs damage.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**

42. Officer Glass had no evidence and has no evidence or facts that the laws, statues or the constitution applied to Mrs. Henson to detain her and file any complaint without seeing her commit a crime in his presence, nor did he have any firsthand knowledge of a crime to hold her to answer to the alleged charges. At all times, relevant Glass was acting under color of law in his official and person capacity as he had no firsthand knowledge of jurisdiction over Mrs. Henson as well as Mr. Henson's Property he completely disregarded and denied due process under the constitution and denial of rights is not in his job title as he has sworn an oath to defend the Arizona constitution as well as the US Constitution. Glass Stopped Mrs. Henson just for the mere purpose to identify her and to illegally gather evidence This person violated his oath of office and violated 1st, 4th, 5th, 6th, 9th, 14th Amendments

**AS AND FOR A TWELTH CAUSE OF ACTION**

43. All Prosecuting attorneys here in, have no evidence or facts that the laws, statues or the constitution applied to Mrs. Henson to prosecute any alleged complaint

Title 42 complaint for damages - 17

nor did they have any firsthand knowledge of a crime or any sworn testimony that the alleged laws applied to her nothing on any document to invoke court's jurisdiction they failed to provide proof of jurisdiction which is an element to the allege crime nor had any right to hold her to answer to the alleged charges. At all times, relevant the attorneys were acting under color of law in there official and person capacity as they had no firsthand knowledge of jurisdiction over Mrs. Henson as well as Mr. Henson's Property they completely disregarded and denied due process under the constitution and denial of rights is not in their job title as they have sworn an oath to defend the Arizona constitution as well as the US Constitution.  All of them are sworn to protect and maintain individual right.

These persons violated their oath of office and violated 1st, 4th, 5th, 6th, 9th, 14th Amendments

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

44.   Defendant All State Towing has aided criminal Glass into stealing personal property without a warrant and without the owner Mr. Henson's permission.

**WHEREFORE,** the Plaintiffs demands judgment against the defendants, jointly and severally, as follows:

a.   as compensatory damages, the sum of $2,000,000.00;

b.   as punitive damages, the sum of $500,000.00;

c.   all costs and disbursements of this action;

d.   all attorney's fees incurred in prosecuting this action pursuant to 42 U.S.C. 1988;

e.   the right to amend this complaint as warranted by further evidence and fact finding;

f.   and other such further relief as to the Court seems proper. (such as injunctive relief)

g.   plaintiff will not except a 12 b 6 motion to dismiss as a legal answer to the complaint

### TRIAL BY JURY IS HEREBY DEMANDED

**It is here by sworn that the information herein is true and correct to the best of our belief and knowledge.**

Dated this 2nd day of February, 2017

Tom Henson          Tanya Henson