WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanya Henson, et al., | No. CV-17-00339-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 50). The Court grants the Motion.

## BACKGROUND

In February 2017, Thomas and Tanya Henson brought a suit under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 against various state and municipal actors, one private citizen, and a towing company. (Doc. 1). In short, Mrs. Henson alleges that Defendant Officer Glass violated her rights during a traffic stop and subsequent arrest. *Id.* at 6–9. As part of the arrest, a towing company towed their vehicle and required the Hensons to pay sixty-five dollars for its release. *Id.* at 10. Mrs. Henson appeared in state court before Judges Blake, Hendrix, and Dalton on charges of disorderly conduct, harassment, and failure to obey a police officer, and she alleged that these judges violated her rights. *Id.* at 11–13.[1]

---

[1] A more detailed description of the alleged facts are found in the Court's resolution of Defendants' first motion to dismiss. (*See* Doc. 44 at 2–4).

The City of Scottsdale and government employees filed a motion to dismiss. (Docs. 15, 16, 33). The Court dismissed the claims against Judge Blake and Judge Hendrix with prejudice due to judicial immunity. (Doc. 44 at 7–8). The Court dismissed the remaining claims either without prejudice or with leave to amend so that the Hensons could remedy their complaint and allege sufficient facts to support their claims. (Doc. 44). The Hensons filed a First Amended Complaint on August 31, 2017. (Doc. 46).

Although the Court outlined the factual deficiencies of Plaintiffs' first complaint in detail, the Plaintiffs' factual claims in the First Amended Complaint are nearly identical to the factual claims in the original complaint. (*See* Docs. 1, 46). As the only substantive change, the First Amended Complaint alleges that the state court judges violated certain criminal statutes concerning crimes of conspiracy and deprivation of rights, (doc. 46), notwithstanding the Court's dismissal of claims against Judge Blake and Judge Hendrix with prejudice due to judicial immunity. The Defendants filed a renewed Motion to Dismiss. (Doc. 50).

**DISCUSSION**

**I.     Legal Standard**

To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When a complaint does

not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation omitted). When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Typically, a district court should not dismiss a complaint with prejudice if an amendment could save the complaint. *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citations omitted). However, under Rule 41(b), a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b). Before dismissal for failure to prosecute or failure to comply with court orders, the Court must consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226–1228, 1234–1252 (9th Cir. 2006) (discussing and applying the five factors); *Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002) (same).

**II. Analysis**

As described in the previous opinion granting Defendants' motion to dismiss with leave to amend, Mr. and Mrs. Henson failed to allege a sufficient factual basis for relief. (Doc. 44). For example, the Court dismissed the *Monell* claims against the City of Scottsdale because the complaint did not allege any facts concerning liability of the City of Scottsdale. (Doc. 44 at 6). Nothing in the First Amended Complaint does so either. As another example, the Court dismissed Mrs. Hensons's claim of excessive force

because she did not allege facts that Officer Glass used more than *de minimis* force, and nothing in the First Amended Complaint addresses this issue or alleges that Officer Glass used more than *de minimis* force. (Doc. 44 at 12).

In whole, the First Amended Complaint does not resolve any of the factual deficiencies outlined by the Court. The lone addition to the complaint is a new legal basis claiming that the state court judges violated criminal conspiracy laws. The Court previously dismissed the judicial defendants with prejudice due to judicial immunity, and Plaintiff's new citation to the criminal code does not impact that analysis. (Doc. 44 at 7).

Because the First Amended Complaint also fails to state a claim upon which relief can be granted, the Court considers whether dismissal with prejudice is appropriate. The Court previously instructed the Plaintiffs concerning the complaint's factual deficiencies, and instead of addressing those issues, the Plaintiffs alleged a new claim against defendants previously dismissed with prejudice. To provide the Plaintiffs with a second opportunity to potentially save their complaint would violate the Court's commitment to expeditious resolutions, docket management, and fairness to the Defendants. Therefore, for the reasons stated in both the present and previous dismissal, the Court dismisses Plaintiff's complaint with prejudice.

Additionally, the Plaintiffs have not filed notice of service to any of the remaining Defendants as required by Rule 4 and the Court's February 14, 2017 order. (Doc. 8). The Court grants Plaintiffs seven days to inform the Court why the remaining Defendants should not be dismissed for failure of service or for the reasons stated in this opinion.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**. The Clerk of Court is directed to dismiss Defendants City of Scottsdale, Jim Thompson, Statia Hendrix, James Blake, Caron Close, Seth Peterson, Natalie La Porte, and Cyndi Negron.

**IT IS FURTHER ORDERED** that Plaintiffs have until **April 13, 2018 at 4:00 p.m.** to demonstrate why the Court should not dismiss all remaining Defendants for

failure to comply with Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action without further notice on **April 16, 2018**, if Plaintiffs fail to comply.

Dated this 6th day of April, 2018.

_____
Honorable G. Murray Snow
United States District Judge